### JOHN WILLIAMS *v*. THE STATE.

MURDER—INDICTMENT.—Charging the accused with murder perpetrated by shooting, the indictment described the mortal wound to have been inflicted "in and upon the body of the said M., and of the depth of five inches, and of the breadth of one-half inch." On *habeas corpus* by the accused, this court suggests the propriety of a new indictment, setting out more particularly the locality of the wound.

*Habeas corpus* from Hunt county. Heard below before the Hon. G. J. CLARK.

The purpose of the petition for *habeas corpus* was to be admitted to bail. In the case of *Wilkerson* v. *The State*, at the Austin term, 1877, this court decided, on full consideration, that the indictment need not aver the locality of the wound.

*L. D. King* and *E. W. Terhune*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. A most thorough and critical examination of the facts presented by the record, as well as the authorities cited by counsel for applicant, in their able argument and brief, have failed to convince our minds that the court below committed any error in refusing bail to the applicant. We do not think we should discuss the facts; it has not been customary for this court to do so in this character of cases.

We call the attention of the county attorney specially to the indictment in this case, and suggest that a new one might perhaps obviate any objections to its sufficiency by setting out more particularly the portion of the body upon which the mortal wound was inflicted. See *Smith* v. *The State*, 43 Texas, 646; *William Nelson* v. *The State*, decided by this court at the Austin term, 1876, *ante* p. 41.

The judgment of the lower court, refusing bail to applicant, is affirmed.

*Affirmed.*                                                    30